IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LEANN HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE<br>Commissioner of the Social<br>Security Administration<br><br>    Defendant. | Case No. 08-6355-HO<br><br>ORDER |

### Introduction

Plaintiff, Leann Howard (plaintiff), brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the Commissioner's September 14, 2008 final decision which denied her application for benefits.

On June 21, 2005,, plaintiff filed an application for disability insurance benefits alleging that she was disabled,

1 - ORDER

beginning January 1, 1997, due to inflammatory arthritis, migraine headaches and urinary incontinence. [#13, p.2; Tr. 65]. In a decision dated February 21, 2008, the Administrative Law Judge (ALJ), determined that plaintiff was not disabled before her insured status expired on March 31, 2002, and therefore denied her application for benefits. [Tr.15-23]. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review.

Plaintiff contends that the ALJ erred by (1) not including plaintiff's migraine headaches as a severe impairment; (2) concluding that plaintiff's conditions did not reach the requisite severity at the last date insured; (3) not properly considering plaintiff's testimony and discounting her husband's testimony, about the severity of her headaches; (4) finding plaintiff not entirely credible regarding the intensity, persistence and limiting effect of her arthritic symptoms;(5) rejecting plaintiff's testimony about her bladder control issues; and (6) failing to adequately analyze how her alleged conditions would affect her ability to maintain employment. [#13-pp. 13,15,18,19]. Plaintiff requests that this court set aside the Commissioner's decision and award her benefits or alternatively remand this matter for the ALJ's full consideration of plaintiff's testimony. [#13-p.19].

While acknowledging that plaintiff's migraines have grown

increasingly worse since 2002, the Commissioner argues that plaintiff failed to meet her burden to show her migraines constituted a severe impairment before March 31, 2002, when her insured status expired. [#15-pp.7-9]. Defendant also asserts that the ALJ properly evaluated plaintiff's limitations from arthritis and properly excluded any alleged limitations regarding bladder control from the hypothetical posed to the vocational expert (VE). [#15-pp. 9-14].

## Discussion

Plaintiff's past relevant work included working as a mail carrier and as an advertising clerk. [Tr. 21, 585].

### 1. Plaintiff's Migraine Headaches

Plaintiff submits that her headaches met the definition of a severe impairment. [#13-p. 15]. She also believes the ALJ improperly concluded that plaintiff's headaches were successfully treated by medication, stating that conclusion "is a mystery in light of the medical records . . . ." *Id.*

At her November 7, 2007 hearing, plaintiff testified to suffering from migraine headaches for the past 24 years. [Tr. 567-68]. The record shows that plaintiff has a long history of migraine headaches. [See e.g., Tr.271, 274, 278, 280, 291, 513-30]. The record further shows that by 2001, her migraines were occurring less frequently than previously [Tr.517], and that prior to March 31, 2002, they were for the most part relieved

3 - ORDER

with either oral medications or periodic injections. [Tr.271, 274, 278, 280, 291, 513-30].

Additionally, in contrast to plaintiff's hearing testimony (and that of her husband[1]), in which plaintiff testified that in the time period around March 2002, she had migraines "two times a week"[Tr. 567] which impaired her ability to function [Tr. 569-70], her contemporaneous medical notes (such as a February 8, 2003 chart note [Tr. 517]), show that plaintiff described a February headache as her second "bad" headache since October 2002. The ALJ noted the discrepancies between plaintiff's testimony and the record before her, and decided that plaintiff's testimony was not entirely credible and that plaintiff's migraines were "non-severe up to her date of last insured[2] (as well as in the six months preceding and following the date she was last insured)." [Tr. 19]. However, despite this, the ALJ did consider the combined effects of plaintiff's severe and non-severe impairments in determining plaintiff's residual functional capacity (RFC). *Id.*

While pain testimony cannot be rejected solely because it is not corroborated by objective medical evidence, that medical evidence is still a relevant factor in the ALJ's determination of

---

[1]   Plaintiff's husband testified plaintiff's headaches occurred weekly. [Tr. 581].

[2]   The Commissioner does acknowledge that since 2003, plaintiff's migraines have grown steadily worse and have become resistant to most medications. [#13-pp.7-8].

4 - ORDER

the debilitating effects of an applicant's claimed pain. 20 C.F.R. §404.1529(c)(2). The Commissioner's decision may be reversed only if it is not supported by substantial evidence or is based in legal error. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is relevant evidence sufficient that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court may not substitute its judgment for that of the Commissioner and ALJ who are responsible for determining credibility, resolving conflicts in medical evidence and resolving ambiguities. *Tackett,* 180 F.3d at 1097; see also *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).

While the medical record contains evidence that plaintiff's migraines have progressively worsened and become more intractable and frequent since 2002, I find that the ALJ enunciated clear reasons sufficient to support her conclusion that plaintiff's migraines were non-severe prior to March 2002, her last date insured.

   2.   Arthritic Symptoms

Plaintiff also asserts that the ALJ erred in discounting both lay and medical testimony regarding the impact of plaintiff's arthritic condition on her RFC. [#13-p.16]. Specifically plaintiff complains that the ALJ did not give sufficient weight to the medical opinion of Dr. Wasner, her

5 - ORDER

rheumatologist.

The ALJ noted that Dr Wasner had been plaintiff's treating rheumatologist for over 10 years. [Tr. 18]. She noted that Dr Wasner first saw plaintiff in 1995 and then not again until 1997 when he described plaintiff as having a longstanding diagnosis of seronegative inflammatory arthritis with "a relatively benign course over the last several years." [Tr. 18, 128]. In the same note, Dr. Wasner also commented on plaintiff's refusal to undergo a conservative (medical) course of treatment instead preferring a surgical solution to her knee pain. [Tr. 128-130].

After plaintiff's knee surgery in April 1997, the ALJ noted that plaintiff's medical record indicated her arthritis improved and remained relatively stable until May 1998 when, after reporting increasing knee pain, plaintiff had another surgery which gave good relief of her symptoms. [Tr. 18, 119,447-49}. Plaintiff remained relatively stable again until two years later in April 2000, when she had another arthroscopic surgery performed by Dr. Straub. [Tr. 18, 268, 298-303]. In the intervening years, the ALJ noted that plaintiff had one more arthroscopic debridement of her knee before requiring a total knee replacement in 2004. [Tr.18].

The ALJ found that plaintiff's hearing testimony regarding the extent of her alleged debilitation prior to her last date insured, were not entirely credible because the intensity,

6 - ORDER

persistence and limiting effects of her symptoms were not supported in the record and it appeared that plaintiff was unable to differentiate between her present and past symptomatology. [Tr.20-21]. Similarly, upon considering the totality of the record before her, the ALJ found that Dr. Wasner's November 3, 2007, letter attesting to plaintiff's disability confused plaintiff's present status with her past and did not reflect the same level of symptoms as were found in his contemporaneous medical records. [Tr. 21].

I find the ALJ had substantial, relevant evidence sufficient to support her conclusions about plaintiff's pre-2002 condition. I find no legal error in the ALJ's assessment that plaintiff's medical and physical therapy records prior to March, 2002 reflected that her arthritis was relatively stable and that she appeared to be doing relatively well, with her knee pain being relieved by periodic arthroscopic surgeries and medication.

3.  Hypothetical Posed to the Vocational Expert (VE)

Plaintiff asserts that the ALJ failed to explain why probative evidence of plaintiff's alleged bladder problems as well as her fatigue and pain were not sufficiently included in the hypothetical posed to the VE. [#13-pp. 18-19]. However, plaintiff's assertion does not explain the inconsistency between her memory of when her incontinence or bladder problems might have begun and her testimony that she did not seek medical

7 - ORDER

attention for those conditions prior to 2002. [Tr.562]. Thus there is no medical evidence in the record which would support limitations reflecting her alleged bladder problems being included in her RFC.

Given that an ALJ must pose a hypothetical that is based on medical assumptions which are supported by substantial evidence in the record reflecting those limitations, I do not find error in the ALJ's failure to include the alleged bladder problems in her RFC or in the hypothetical posed to the VE. *Roberts v. Halala*, 66 F.3d 179, 184 (9th Cir. 1995).

The ALJ found that plaintiff's arthritic condition was a severe impairment but that as of the last date insured, it did not meet or medically equal a listed impairment. [Tr.18-19]. In considering the record before her, the ALJ then found that as of the date last insured, plaintiff had a RFC to lift and carry 20 pounds occasionally, up to 10 pounds frequently; to stand and walk for up to two hours; and sit for up to six hours in an average eight-hour workday. The ALJ also included being able to alternate standing and sitting for comfort and avoiding hazards such as unprotected heights, along with limiting plaintiff to performing 1-3 step tasks which could include frequent though not constant fingering and handling in the RFC. [Tr. 19]. The VE then testified that taking all the factors of a hypothetical individual with plaintiff's RFC into account, that individual

8 - ORDER

would be able to perform unskilled light jobs that existed in significant numbers in the national and local economy. [Tr.21-22;582-87].

Given that an ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence, and there is not substantial evidence in the medical record here compelling the ALJ to find that plaintiff's condition would require her to miss two days of work each week, I find no legal error in the ALJ's RFC determination. (See e.g., *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)).

For the reasons detailed above I find the ALJ's decision that plaintiff was not disabled through March, 2002, her date last insured, is supported by substantial evidence in the record.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this **11th** day of May, 2010.

*Michael R. Hogan*
United States District Judge

9 - ORDER